UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DELROY A. CHAMBERS, JR.,

        Plaintiff,

v.

                              Case No. 0:22-cv-60494-AHS

EXP REALTY, LLC,

        Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant eXp moves pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1 of the United States District Court for the Southern District of Florida to dismiss the Complaint in its entirety for failure to state a claim under the Fair Housing Act. Simply put, Chambers' complaint fails to plead the required elements of a disparate impact claim under the Fair Housing Act and, for that reason, the complaint should be dismissed. To the extent the Complaint could be viewed as stating a disparate treatment claim (which claim was not actually raised), any such claim would similarly be dismissed for the reasons explained below.

I.    BACKGROUND

This is a case of alleged housing discrimination under the Fair Housing Act ("FHA") brought by a tester. Plaintiff, Delroy Chambers ("Chambers"), identifies in his Complaint as a Black male who acts as a "tester," meaning that Chambers was not actually a person seeking housing, but, rather, posed as one. Dkt. No. 1 ("Compl."), ¶ 6. Defendant, eXp Realty, LLC ("eXp"), is a company comprised of licensed real estate professionals. Compl., ¶ 9.

The Complaint arises out of an alleged test in July 2021, of which the circumstances and details are largely omitted from the Complaint. Chambers alleges that he encountered an advertisement for a condominium in Pembroke Pines, Florida (the "Property") that stated, among other things, "no criminal background." Compl., ¶¶ 1, 10. The Complaint does not identify where in Pembroke Pines the condominium was located by, for example, simply providing an address. *See generally*, Compl. Nor does the Complaint identify who owns the condominium. *Id.*

Chambers alleges that, while posing as a potential tenant, Chambers contacted an (unidentified) eXp agent to discuss rental of the Property, Compl., ¶ 12. The Complaint does not allege that Chambers told the eXp agent what his race is. *See generally*, Compl. Allegedly during the conversation, the eXp agent asked Chambers if he had any criminal background and "confirmed" that Chambers would be denied tenancy based on the presence of a criminal background. Compl., ¶ 16. The Complaint does not quote or detail any policy, opting for paraphrasing and a presumption that this criminal background "policy" takes arrests into consideration. Compl., ¶ 17. The Complaint does not say whether Chambers (pretending to be a potential renter) told the eXp agent that he had a criminal background, only that he asked about criminal background requirements. Compl., ¶ 13-16. After some discussion on the criminal background requirements, the conversation allegedly ended. Compl., ¶ 17.

Chambers then alleges, based solely on 2016 Guidance from the U.S. Department of Housing and Urban Development ("HUD"), that criminal background policies can have a disparate impact on Black persons. Compl., ¶¶ 20-24. Neglecting to allege any defined or specific statistics regarding the impact of criminal background requirements, Chambers baldly alleges that "recent data, studies, and HUD findings" show Black people are arrested, convicted, and imprisoned at disproportionate rates in Broward County, Florida and in the United States. Compl., ¶ 21.

The Complaint contains one cause of action for violation of the FHA (Count I), Compl., ¶¶ 30-40. eXp moves to dismiss Count I, and, consequently, the Complaint in its entirety.

II. ARGUMENT AND MEMORANDUM OF LAW

eXp moves to dismiss the Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* As the bulk of the Complaint is conclusory and lacking factual detail, the Court need not accept these allegations as true: "a plaintiff cannot rely on naked assertions devoid of further factual enhancement. *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).

A. The Complaint Fails to Plead a Disparate Impact Claim.

Chambers' attempt at pleading a disparate impact claim under the FHA fails due to the Complaint's total lack of allegations concerning a specific policy and relevant statistical allegations demonstrating a disparate impact. Because disparate impact claims challenge otherwise facially neutral actions, the Supreme Court set a high pleading standard for such claims. Chambers utterly fails to meet this standard, and Chambers' disparate impact claim should be dismissed.

In contrast with disparate treatment claims, a disparate impact claim challenges "practices that have a disproportionately adverse effect on minorities and are otherwise unjustified by a legitimate rationale." *Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 524 (2015) (internal quotations omitted). In recognizing disparate impact claims under the FHA, the Supreme Court cautioned courts to "examine with care whether a plaintiff has

made out a prima facie case of disparate impact, and a plaintiff must "allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection" to make out a prima facie case of disparate impact. *Id.* at 543. Even if a statistical disparity is shown, a "robust causality" is required to show that a policy or policies cause the disparity. *Id.* at 542. Further, the clear identification of a policy is necessary. *Id.* In sum, in accordance with the Supreme Court's directive for pleading disparate impact claims under the FHA, Chambers must (1) clearly identify a policy, (2) allege facts demonstrating a significant statistical disparity, and (3) allege a "robust causality" that connects the challenged policy and the statistical disparity. *See Alonso Cano v. 245 C & C, LLC*, No. 19-21826-CIV, 2019 WL 11769102, at *27 (S.D. Fla. Nov. 25, 2019) (reciting the three elements for an FHA disparate impact claim). Chamber's Complaint fails on all three elements.

        1. The Complaint fails to clearly identify the challenged "policy."

First, the Complaint fails to clearly identify the challenged policy, its details, or its context. The Complaint does not quote any policy other than the vague and insufficient statement that the alleged advertisement for the Property stated "no criminal background." Compl., ¶ 10. Though the Complaint alleges statements from HUD that certain criminal background policies (*e.g.* blanket prohibitions that bar arrests without convictions) *may* violate the FHA,[1] it is not clear that the challenged policy here arises to that level.[2] Rather, the Complaint makes unsupported

---

[1] *Office of General Counsel Guidance on Application of Fair Housing Act Standards to the Use of Criminal Records by Providers of Housing and Real Estate-Related Transactions*, at 5-6, *available at* https://www.hud.gov/sites/documents/HUD_OGCGUIDAPPFHASTANDCR.PDF ("HUD Guidance")

[2] To be clear, the HUD Guidance does not dictate law or displace the pleading requirements for disparate impact. It merely opines that certain criminal background policies (like any other policy that may be the target of a disparate impact claim) can violate the FHA if there is a proper showing of discriminatory effect.

presumptions that the "policy" takes arrests into consideration. Compl., ¶ 17. Accordingly, the Complaint fails to allege a "specific and clearly delineated practice or policy," a necessary element of a disparate impact claim. *See Dekalb Cty. v. HSBC N. Am. Holdings, Inc.*, No. 1:12-CV-03640-SCJ, 2013 WL 7874104, at *13 (N.D. Ga. Sept. 25, 2013).

      2.   The Complaint does not attempt to allege any localized statistical disparity.

Second, the Complaint does not allege a significant statistical disparity. Rather than allege any applicant data, any localized demographic, or criminal justice data, the Complaint points to HUD guidance from 2016 to argue that there is a disparity amongst minority populations with criminal backgrounds. The HUD Guidance is not binding on this Court, but even it counsels that "state or local statistics should be presented," something the Complaint does not do.[3] Instead, the Complaint vaguely points to unspecified "recent data, studies, and HUD findings" (Compl., ¶ 21) to establish a statistical disparity. The Complaint's allegations amount to no more than legal conclusions under the guise of factual allegations, and Chambers fails to allege this important element of a disparate impact claim. *See e.g. Sailboat Bend Sober Living, LLC v. City of Fort Lauderdale*, No. 19-60007-CIV, 2020 WL 4736211 (S.D. Fla. Aug. 14, 2020) ("The absence of statistical evidence, after all, is dispositive of [a disparate impact] claim").

*Grays v. Kittredge Co Partners, LLC*, is instructive on this point. Like Chambers does here, the Plaintiff in *Grays* alleged that she was denied housing based on the presence of a criminal background. *Grays v. Kittredge Co Partners, LLC*, No. 120CV00208WJMSKC, 2021 WL 1300601, at *2 (D. Colo. Feb. 17, 2021), report and recommendation adopted sub nom. *Grays v. Kittredge Co. Partners, LLC*, No. 20-CV-0208-WJM-SKC, 2021 WL 1015984 (D. Colo. Mar. 17, 2021). And strikingly similar to Chambers here, the Plaintiff in *Grays* also relied exclusively on

---

[3] HUD Guidance, at 3.

the 2016 HUD Guidance to establish some evidence of a disparity. Correctly so, the court in *Grays* held this was insufficient and dismissed the disparate impact claim: "[t]he [Amended Complaint] lacks factual allegations of localized data or data specific to [] Defendants and their misdemeanor policy … Plaintiff's national statistics, without more are insufficient to plausibly allege this misdemeanor policy had a discriminatory effect." *Id.* at *3. Applying the reasoning in *Grays*, this Court should dismiss Chambers' disparate impact claim for failure to allege the required significant statistical disparity element.

      3. There are no allegations of the "robust causality" requirement.

Finally, the Complaint makes no attempt to plead allegations directed to the "robust causality" requirement. Contrary to Eleventh Circuit requirements, the Complaint contains no comparative data allegations to show how the challenged "policy" affects minority and non-minority populations. *Oviedo Town Ctr. II, L.L.L.P. v. City of Oviedo, Fla.*, 759 F. App'x 828, 835 (11th Cir. 2018) (stating that in order to show a disparate impact, "the plaintiff must provide evidence comparing members of the protected class affected by the [policy] with non-members affected by the [policy].") (citing *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1217 (11th Cir. 2008)). Without these allegations, there is nothing in the Complaint tying eXp's actions with some statistical disparity to show that the challenged "policy" causes a disparate impact. This is plainly insufficient, and the Complaint fails to plead the "robust causality" required for disparate impact claims.

      4. Ultimately, the Complaint is merely an attempt to take an isolated instance and improperly magnify it to the level of a disparate impact.

The Complaint takes one isolated instance (Chambers' alleged "tester" interaction with the eXp agent) and tries to magnify it on the scale of disparate impact. Disparate impact claims are reserved for widely applicable policies or practices, not isolated instances. *Texas Dep't of Hous.*

*& Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 543, 135 S. Ct. 2507, 2523, 192 L. Ed. 2d 514 (2015) (stating that one-time decisions do not necessarily arise to the level of policy). There are no allegations of, for example, other applicants for the Property or any allegations whatsoever that take the Complaint outside the realm of this one-time interaction. Isolated instances, without more, are improper for disparate impact claims; therefore, the Complaint should be dismissed. *See Woda Cooper Dev., Inc. v. City of Warner Robins*, No. 5:20-CV-159 (MTT), 2021 WL 1093630, at *8 (M.D. Ga. Mar. 22, 2021) (dismissing disparate impact claim because "[i]n the end, the plaintiffs have only alleged a one-time decision").

B. A Disparate Treatment Claim, if any, Fails.

eXp interprets the Complaint as pleading solely a disparate impact claim given the conclusory allegation of a "discriminatory impact." *See* Compl., ¶ 27. However, and for the avoidance of doubt, to the extent the Complaint pleads a disparate treatment claim, such a claim fails. A criminal background is not a protected class under the FHA, and the Complaint contains no allegations that Chambers was denied housing because of race.

1. The presence of a criminal background is not a protected class under the FHA.

The FHA makes it unlawful to refuse to rent, negotiate for the rental of, or otherwise make unavailable or deny, a dwelling "because of" specific enumerated protected classes: "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). A claim under the FHA encompasses disparate treatment and disparate impact claims. *Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 524 (2015). Disparate treatment claims require a plaintiff to establish that "the defendant had a discriminatory intent or motive." *Id.*

Per the express terms of the FHA, the presence of a criminal background is <u>not</u> a protected class. 42 U.S.C. § 3604(a). Courts apply the text of the FHA and consequently hold that it is not

7

"*per se* improper to consider criminal history when reviewing housing applications." *Fla. Fair Hous. All., Inc. v. Park E.-W. Ltd.*, No. 20-21976-CIV, 2020 WL 5236900, at *3 (S.D. Fla. Sept. 2, 2020); *see also Hall v. Philadelphia Hous. Auth.*, No. 17-5753, 2018 WL 263318, at *2 (E.D. Pa. Jan. 2, 2018) (stating that the FHA "does not preclude consideration of an individual's criminal record in housing decisions.").

    2. There are no allegations that eXp intentionally discriminated against Chambers because of race.

As a threshold matter, the Complaint does not allege that the eXp agent knew of Chambers' race or ethnicity. *See generally*, Compl. This missing allegation, alone, dooms any disparate treatment claim for the obvious reason that the Complaint cannot plead that eXp intentionally discriminated because of race when eXp (or its agent) did not know the race of the plaintiff.

Beyond this, the Complaint's allegations actually tell the alleged reason for denial: the presence of some criminal background. The Complaint centers on criminal background and the allegations that Chambers was denied housing due to some unspecified criminal background requirements of the Property. Compl., ¶¶ 10-19. But the presence of a criminal background is not a protected class, and discrimination based on a criminal background is not *per se* unlawful. *See* 42 U.S.C. § 3604. Beyond this, there are no allegations in the Complaint that the Property treated Chambers or other Black persons differently than others by, for example, discriminatorily enforcing the criminal background requirements.

Accordingly, the sentence that Chambers was denied the Property "because of race" (*see* Compl., ¶ 34) rings hollow, and there are no allegations that otherwise support a claim that eXp intentionally discriminated against Chambers based on race. A disparate treatment claim (to the extent the Complaint attempts to plead one) fails and should be dismissed.

III.    CONCLUSION

For the foregoing reasons, eXp respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice.

                **FOX ROTHSCHILD LLP**
                777 South Flagler Drive
                Suite 1700 – West Tower
                West Palm Beach, FL 33401
                Telephone:  561.835.9600
                Facsimile:  561.835.9602

                By: *s/ Seth B. Burack*
                Seth B. Burack (Florida Bar No.: 68360)
                sburack@foxrothschild.com

                *Counsel for Defendant*

                **FOX ROTHSCHILD LLP**
                John C. Hansberry (*pro hac vice* forthcoming)
                BNY Mellon Center
                500 Grant Street, Suite 2500
                Pittsburgh, PA 15219
                Telephone: 412.394.5539
                Facsimile: 412.391.1334
                jhansberry@foxrothschild.com

                *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                 By: */s/ Seth B. Burack*
                     Attorney

# SERVICE LIST
*Delroy A. Chambers v. eXp Realty LLC*
Case No.: 0:22-cv-60494-AHS

| | |
|---|---|
| Joshua Aaron Glickman<br>Social Justice Law Collective, PL<br>6709 West 119th Street<br>#198<br>Overland Park, KS 66209<br>Telephone: 913/213-3064<br>Fax: 866-893-0416<br>Email: josh@sjlawcollective.com<br><br>Shawn A. Heller<br>Social Justice Law Collective PL<br>974 Howard Avenue<br>Dunedin, FL 34698<br>Telephone: 202/709-5744<br>Fax: 866/893-0416<br>shawn@sjlawcollective.com | Seth B. Burack<br>Fox Rothschild LLP<br>777 S Flagler Dr<br>Suite 1700 W Tower<br>West Palm Beach, FL 33401<br>Telephone: 561/835-9600<br>Fax: 561/835-9602<br>sburack@foxrothschild.com |